AIKEN *et al. v.* BAYNES.

No. 7412. JULY 18, 1930.

*A. S. Thurman* and *Brock, Sparks & Russell,* for plaintiffs in error.

*Smith & Smith,* and *George A. Pindar,* contra.

Beck, P. J.   S. R. Baynes brought suit against Kate Aiken and Louise Aiken Simple, to recover a one-fourth interest in two described tracts of land. The petition contains two counts. The defendants filed a general demurrer to both the first and second count, and at the first trial this demurrer was sustained by the judge, his judgment, in part, being in the following language: "It is unnecessary to set out any of the facts, as there is no controversy as to them; and in passing on the demurrer to count No. 1 and count No. 2, under the law all of said facts are to be taken as true, and the said demurrer necessarily will control the decision in said case, either for the plaintiff or defendants. Without going into a lengthy opinion, I have reached the following conclusions, to wit: That under the provisions of said deed attached to the petition, that the defendants in this case, being the children of Kimball Aiken and the grandchildren of Mrs. Tucker Aiken, under section 3660 of the Civil Code of 1910 own the lands in controversy, and that the plaintiff has no interest therein. Therefore the demurrer to the petition is sustained and it is ordered that said case be dismissed." To this judgment the plaintiff excepted and brought the case here for review. On September 29, 1928, this court rendered its decision and reversed the judgment of the court below. In that decision the court construed and gave legal effect to certain provisions in a deed the construction of which is involved in the case, and in the decision held: "The son of the grantor, S. R. Baynes, the plaintiff in this case, takes one fourth interest in the described land (the life-tenant not having exercised the power of disposition conferred by the deed during her lifetime), and the daughter who was living at the death of the life-tenant takes one fourth interest and each set of grandchildren of the grantor takes one fourth interest per stirpes, as heirs at law of the grantor and by representation. See Civil Code (1910), § 3931 (5)."

When the case came on for trial in the superior court, after the remittitur from this court was made the judgment of the trial court, the plaintiff urged a general demurrer to the answer of the defendants, and this demurrer was sustained by the court. This was not error, in view of the ruling made by this court which is quoted above; for that was an adjudication that, under the facts alleged in the petition as it stood at that time, the plaintiff, S. R. Baynes, was entitled to the interest in the land which he claimed.

The answer, which was stricken on demurrer at the last hearing, set up the opposite view, and necessarily went down when it was adjudicated here that S. R. Baynes took a one-fourth interest in the land.

■ In view of the foregoing ruling, it only remains to consider whether or not the amendment to the answer, which set up certain matters by way of estoppel, raised a valid defense as against the claim of the plaintiff. Civil Code §· 5737 reads as follows: "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there is no estoppel." We think that this would be applicable and conclusive as against the defendants were they in a position to set up estoppel. It is insisted in the argument of their counsel that this section of the Code relates purely to legal estoppel, and they claim that they are entitled to set up an equitable estoppel. A section relating to equitable estoppel is as follows: "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." Civil Code, § 5738. We do not think that the estoppel provided for and defined in either of these sections can be invoked by the defendants. They of course were not prevented from taking any steps or doing anything that would tend to render operative in their favor the provisions in the will involved in this case, which gave to their mother the power of appointment. It is insisted that the plaintiff made certain fraudulent representations to the mother, who was the owner of the life-estate in the land and had the power of appointment, which led her to believe that her children would take the remainder in the estate under the instrument which gave her the life-estate with power of appointment, and that "it was not necessary for her to make any will in order for these defendants to have title to the said lands at her death; that he recognized the rights of these defendants and would never contest such rights; that the making of a will would only incur expenses at her death, and would accomplish nothing more than was already provided for in said deed." These represen-

tations are not the basis for a claim of estoppel as against Baynes, especially in view of the fact that it is inferable from the amendment that Mrs. Tucker Aiken knew of the provisions in the instrument giving her the right of appointment. Nor is the position of the defendants upon the question of estoppel strengthened by the allegation that "said Tucker Aiken would speak to plaintiff and these defendants, asking that an attorney be consulted and a will be drawn for her, devising said lands to these defendants, and plaintiff would dissuade her by repeatedly telling her that such action on her part was not necessary, and would dissuade these defendants from procuring an attorney to write such will as Tucker Aiken wished to make, devising said lands to these defendants." If these allegations necessarily led to the conclusion that Tucker Aiken, had she not been dissuaded by the plaintiff, would have made such a will as it is alleged she desired to make and would have made but for the dissuasion, it still remains that the mere making of the will would not have placed the title in these defendants; because at any time after the making of it Tucker Aiken would have had the right to destroy it or change it or to make an entirely different appointment. And to hold with the contention of the defendants would be to hold that an intention and desire upon the part of Tucker Aiken to make a will devising this property to her children, which intention she would have carried out but for the dissuasions of the plaintiff, was the equivalent of making a will and leaving it in force at the time of her death. We do not think that under the facts pleaded the defendants were entitled to have the doctrine of legal or equitable estoppel applied to this plaintiff; and consequently the court did not err in sustaining the demurrer to the answer as amended.

█ The answer of the defendants and the amendment thereto having been properly stricken, the verdict and judgment excepted to necessarily followed.

*Judgment affirmed.  All the Justices concur.*